SUCCESSION OF ORCASITAS ET AL., PLAINTIFFS, *v.* A. M. SOMOZA & CO., DEFENDANTS (ORCASITAS, INTERVENOR AND APPELLANT).

APPEAL from the District Court of San Juan in an Action for the Delivery of Money.

No. 1850.—Decided June 3, 1919.

INTERVENTION—INTEREST OF INTERVENOR.—As a general rule the direct and immediate interest of an intervenor in the subject-matter must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought; or if the action

had first been brought against him as the defendant, he would have been able to defeat the recovery in part at least.

ID.—ID.—When the facts alleged and taken as true in order to determine the interest of an intervenor in an action not only would have constituted a good defense if the action had first been brought against the intervenor, but conclusively show that, in the circumstances alleged, the intervenor is indeed the only true defendant, it must be concluded that such intervenor has the direct and immediate interest to which the authorities refer.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the intervenor.

*Mr. Eduardo López Tizol* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The court below dismissed a complaint in intervention and intervenor appeals.

The original complaint, as amended, alleged that José Orcasitas, in his will dated March 2, 1896, acknowledged a debt of 1,500 *pesos* due his brother José Ramón Orcasitas, directing the payment of that amount out of his estate unless the same should have been paid by the testator prior to his death; that José Orcasitas having died in 1898 without having paid the said 1,500 *pesos,* Josefa Orcasitas, as the sole representative of his succession, deposited the said 1,500 provincial *pesos* (equivalent to $900) with the mercantile concern Successors of Orcasitas & Company, to the order of José Ramon Orcasitas, who accepted the said sum, and agreed with the Successors of Orcasitas & Company that the same should remain in their hands at the disposition of José Ramón, drawing interest at 6 per cent per annum, to be compounded annually and included in the annual balance of the said firm; that the said partnership was dissolved in January, 1910, A. M. Somoza & Company becoming the successors and liquidators thereof; that José Ramón Orcasitas died leaving a will, in which plaintiffs, his children, were made his sole and universal heirs; that plaintiffs drew on Somoza & Company as liquidators and successors of Orcasitas & Company for the said amount, the said firm having refused to honor the draft, expressing, however, a willingness

to pay the entire sum on execution of the proper *carta de pago;* and that plaintiffs have repeatedly demanded of defendants payment of the amount claimed, with interest as agreed, tendering *carta de pago.*

After the overruling of a demurrer Somoza & Company answered, admitting certain facts in more or less modified form, but denying that the 1,500 *pesos* were unpaid and owing by José Orcasitas at the time of his death, or that Josefa Orcasitas made the deposit, as claimed by plaintiffs, or that José Ramón Orcasitas accepted such deposit or entered into any agreement with defendants in regard thereto, or that defendants ever acknowledged any indebtedness to plaintiffs, or that plaintiffs had ever made any demand on defendants for the payment of said sum or of the interest thereon. Supplementing and explaining these admissions and denials, defendants affirm that Josefa Orcasitas instructed defendants out of the available funds in their possession belonging to the said succession—that is, to Josefa Orcasitas—to set aside the sum of 1,500 provincial *pesos,* charging the same to the account of said funds in order to cover the amount mentioned by José Orcasitas in his will as due his brother José Ramón Orcasitas; that the entry so ordered was made in the books of defendants; that José Ramón Orcasitas never accepted nor claimed the said deposit nor entered into any agreement whatever with regard thereto, either with defendants or their predecessors; that interest at 6 per cent was credited to said sum, not as alleged by plaintiffs but at the suggestion of a member of the firm, made some years after the date of the deposit, because, the principal not having been claimed or accepted by José Ramón Orcasitas, who well knew that the debt had been paid, the deposit remained in the hands of defendants as a private transaction between defendants and the Succession of José Orcasitas, and pending the delivery thereof it was fair that the same should draw interest as against defendants; that plaintiffs were not all represented in the alleged draft and

that the *carta de pago* in question was demanded as evidence of the right to collect in the parties who might assume to act but without admitting the existence of such right.

And as new matter defendants alleged that, the said transfer or deposit never having been claimed by José Ramón Orcasitas or his succession, Josefa Orcasitas, in April, 1914, ordered the return of the said sum, with interest accrued thereon, and the consequent annulment of the said transfer or deposit made in February, 1901, and the said Josefa thereupon was reimbursed in the said sum, which since then has remained in her possession.

The complaint in intervention substantially follows the admissions, denials, and affirmative statements of the answer, describing somewhat more accurately the nature of the transfer caused by intervenor to be made in the current account carried by her with defendants, and thus pointing more directly to a mere matter of bookkeeping as distinguished from a "deposit to the order of José Ramón Orcasitas."

New matter is then set up as follows:

That Casiano Orcasitas y Ortiz died in San Juan in 1878, having no forced heirs, and leaving a will in which he named as universal heirs his brothers José, Pedro, and José Ramón, and a sister Teresa Orcasitas, and devised and bequeathed to the first named one-half of the estate and to the other three the remaining one-half, all subject to clauses 5, 6 and 7 (copying same verbatim) of the said will; that in 1881 José Orcasitas, as executor and partitioner of this estate, liquidated the partnership of Orcasitas & Company and distributed the inheritance, allotting to José Ramón Orcasitas in the instrument of partition the sum of 3,925 *pesos* 45 *centavos*, the same being one-third of one-half of the estate; that in August, 1879, José Ramón Orcasitas received from the executor, José Orcasitas, the sum of 38,000 *reales*, or 1,900 Spanish *pesos*, out of his share in the proceeds of the liquidation that was being made; that in July, 1883, José Orcasitas delivered to José Ramón Orcasitas, on account of the

said inheritance, the sum of 524 *pesos* 45 *centavos,* making a total of 2,224 *pesos* 45 *centavos* received to that date by José Ramón from José Orcasitas on account of the inheritance of 3,925 *pesos* 45 *centavos* from his brother Casiano, and leaving a balance due of 1,500 *pesos* ($900 American gold); that in 1895 José Orcasitas made a will in which he acknowledged that he owed José Ramón Orcasitas the sum of 1,500 *pesos* (that is to say, the balance above mentioned accruing from the said inheritance) and directed that the said amount should be paid by his heirs, if not paid by the testator before his death; that José Orcasitas within the two years and nine months that elapsed from the date of his will to that of his death, which occurred in December, 1898, paid to José Ramón Orcasitas in various instalments the sum of 1,358 *pesos* 44 *centavos,* leaving as a balance due at the time of the death of José Orcasitas and on account of the inheritance above mentioned the sum of 141 *pesos* 51 *centavos;* that after the death of José Orcasitas and in February, 1901, intervenor, pursuant to the mandate of the will, made the transfer or deposit of the 1,500 *pesos* ($900 American gold), object of this suit, as a precaution against the possibility that said debt might not have been discharged by the testator before his death, but that thereafter, on a careful examination of the papers of deceased, intervenor ascertained that by virtue of the payments above mentioned the indebtedness of her author, mentioned in his will, amounted only to the sum of 141 *pesos* 56 *centavos;* for which reason intervenor ordered Somoza & Company, successors of Successors of Orcasitas & Company, to cancel the transfer of the said 1,500 *pesos* ($900 American gold) which were delivered to intervenor; that in October, 1914, plaintiffs herein, the Succession of José Ramón Orcasitas, brought suit against intervenor as constituting the succession of her father, José Orcasitas, assailing as void the partition of the estate of Casiano Orcasitas made by the author of intervenor pursuant to the above-mentioned provisions of the will of the said Casiano

Orcasitas, which suit was dismissed by a final judgment of the District Court of San Juan; that the Succession of José Orcasitas, consisting of intervenor herein, answered and contested the complaint last above mentioned, filing a cross-complaint against the said plaintiffs composing the Succession of José Ramón Orcasitas, now plaintiffs herein; alleging in said cross-complaint the payments made by the author of intervenor to José **Ramón Orcasitas** on account of the inheritance from Casiano Orcasitas, amounting to 3,782 *pesos* 89 *centavos* (the same amount alleged above to have been paid by José Orcasitas to his brother José Ramón Orcasitas prior to the death of the latter), and praying in said cross-complaint that the plaintiffs herein, then plaintiffs in that action, should be **adjudged to return** to intervenor herein the sums so paid by her predecessor in interest, inasmuch as the same had been paid over on account of the interest of José Ramón Orcasitas in the **estate of Casiano**, pursuant to the partition made by José Orcasitas under the will, according to which José Ramón Orcasitas would lose his inheritance in the event of contesting or not accepting the partition made by José Orcasitas, as in fact the heirs of José Ramón Orcasitas, plaintiffs herein, in the action above mentioned did contest the said partition; that the Succession of José Ramón Orcasitas, plaintiffs herein, answered the said cross-complaint but failed to set up any claim for the recovery of the $900 (1,500 *pesos*) mentioned as owing in the will of José Orcasitas and deposited by the intervenor with the firm, Successors of Orcasitas & Company, in the manner above set forth, notwithstanding the fact that such claim arose from the transaction set up in the cross-complaint, was connected with the object thereof, grew out of a contract existing at the time of filing the cross-complaint, was in favor of the cross-defendants and against the cross-plaintiffs, and was a proper matter for adjudication in that litigation; that José Ramón Orcasitas and his succession, by reason of having contested the partition made by José Orcasitas, have lost the hereditary rights con-

ferred upon them by the will of Casiano Orcasitas, according
to the express provisions thereof, and that the rights of the
inheritance from the said Casiano Orcasitas constitute the
sole origin and source of the debt of $900 (1,500 *pesos*)
sought to be recovered herein.

Intervenor also pleads the statutory bar prescribed in
section 1865 of the Civil Code as well as the omission to set
up a counterclaim which, under the terms of section 112 of
the Code of Civil Procedure, precludes a defendant or his
assigns from subsequently maintaining an action.

"Any person may, before the trial, intervene in an action or
proceeding, who has an interest in the matter in litigation, in the
success of either of the parties, or an interest against both. An
intervention takes place when a third person is permitted to be-
come a party to an action or proceeding between other persons,
either by joining the plaintiff in claim of what is sought by the
complaint, or by uniting with the defendant in resisting the claims
of the plaintiff, or by demanding anything adversely to both the
plaintiff and the defendant, and is made by complaint, setting forth
the grounds upon which the intervention rests, filed by leave of the
court, and served upon the parties to the action or proceeding who
have not appeared, and upon the attorneys of the parties who have
appeared, who may answer or demur to it as if it were an ordinary
complaint." Sec. 72, Code Civ. Proc.

It has been said that—

"* * * The intervenor's interest must be such that if the
original action had never been commenced, and he had first brought
it as the sole plaintiff, he would have been entitled to recover in his
own name to the extent at least of a part of the relief sought; or if
the action had first been brought against him as the defendant, he
would have been able to defeat the recovery in part at least. His
interest may be either legal or equitable. If equitable, it must be
of such a character as would be the foundation for a recovery or
for a defense, as the case might be, in an independent action in
which he was an original party." Pomeroy, Code Remedies (4th
ed.), p. 427, sec. 324.

It may be that the definition so given is in part somewhat

broad, but as a general rule, subject perhaps like most such rules to possible exceptions, it will suffice to characterize the "direct and immediate" interest of the decided cases. We need not now speculate as to whether the peculiar circumstances of some conceivable future case may or may not require closer scrutiny of the words chosen by Professor Pomeroy to convey his thought.

In the case at bar the facts stated by intervenor in her complaint, which for the purposes of this opinion must be taken as true, not only would have constituted a good defense if the action had first been brought against her, but conclusively show that, as the sole surviving representative of her deceased father, the original debtor, and as the actual possessor of the very fund out of which recovery is sought, intervenor is indeed the only true defendant. In this respect the instant case is similar to *González, Calderón & Co.* v. *Córdova Dávila*, 25 P. R. R. 627.

The judgment appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.